PER CURIAM.
An information charged Carter with two counts of aggravated assault and one count of criminal mischief. Pursuant to plea negotiations, Carter entered a plea of guilty to one count of aggravated assault, and the remaining charges were nolle prosequied. In accordance with the plea negotiations, the prosecutor recommended that Carter be placed on probation. The court accepted Carter’s plea after advising him that the recommendation for probation was not binding upon the court. After reviewing a pre-sentence investigation report, the court sentenced Carter to a five year term for aggravated assault. Subsequently, Carter *416 filed a motion to vacate the sentence, Fla.R. Cr.P. 3.850, alleging that the trial court did not honor the negotiated plea agreement by sentencing Carter to five years imprisonment. Further, Carter alleged that he had been sentenced without aid of counsel and that he had not been advised that a plea of guilty waived his right to a jury trial. The trial court, after reviewing the record of the proceedings, found that the records conclusively showed that Carter was entitled to no relief. On Carter’s appeal, we found that the court’s order lacked attached copies “of that portion of the files and records which conclusively [show] that the prisoner is entitled to no relief . . . Fla.R. Cr.P. 3.850. After having received the state’s response and the supplemented record, we have determined that the transcripts reveal that Carter’s plea was freely and voluntarily made with the assistance of counsel and with the clear understanding that the recommendation by the state for probation was not binding upon the court. Accordingly, the order denying appellant’s 3.850 motion without evidentiary hearing is affirmed.
McCORD, C. J., and ERVIN and MELVIN, JJ., concur.